IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,341-01






EX PARTE JOHN WHITMIRE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 21327 IN THE 356TH DISTRICT COURT


FROM HARDIN COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of continuous sexual
abuse of a child and sentenced to thirty years' imprisonment. He did not appeal his conviction.

 Applicant contends that trial counsel, among other things, advised him that he would be
eligible for release to parole in fifteen years and failed to conduct an investigation, prepare for trial,
and explain the nature of the charges and the consequences of a guilty plea.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); Ex parte
Moussazadeh, 361 S.W.3d 684 (Tex. Crim. App. 2012). In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial
court is the appropriate forum for findings of fact. The trial court shall order trial counsel to state
whether he advised Applicant that he would be eligible for release to parole in fifteen years and to
describe his investigation, preparation, and discussions with Applicant. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 After reviewing counsel's response and the habeas record, including affidavits from
Applicant's mother and wife, the trial court shall make findings of fact and conclusions of law as to
whether counsel's conduct was deficient and, if so, whether Applicant would have insisted on a trial
but for counsel's deficient conduct. Hill v. Lockhart, 474 U.S. 52 (1985). The trial court shall also
direct the District Clerk to forward a copy of the reporter's record of the guilty plea hearing, if one
exists. The trial court shall make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claims.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: May 8, 2013

Do not publish